UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION



GERALD KELLY, and DILLION
WEERAMAN on their own behalves and
others similarly situated,

    Plaintiffs,

v.

Case No:

PHILIPPE MIAMI, LLC, a Florida Limited
Liability Corp.

**09-23287**

    Defendant.

_____/

**CIV-MORENO / TORRES**

## COMPLAINT

Plaintiffs, GERALD KELLY ("KELLY") and DILLION WEERAMAN ("WEERAMAN")(collectively "Plaintiffs"), on behalf of themselves and other employees and former employees similarly situated, by and through undersigned counsel, file this Complaint against Defendant, PHILIPPE MIAMI, LLC., ("PHILIPPE" or "Defendant), and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

## PARTIES

3. At all times material hereto, Plaintiffs were, and continue to be residents of Miami-Dade County, Florida.

4. At all times material hereto PHILIPPE MIAMI, LLC was a Florida Limited Liability Company. Further, at all times material hereto, PHILIPPE MIAMI, LLC was engaged in business in Florida, with a principle place of business in Florida.

5. At all times material hereto, Plaintiffs were "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

6. At all times material hereto, Plaintiffs were "employees" of Defendant within the meaning of FLSA.

7. At all times material hereto, Defendant was the "employer" within the meaning of FLSA.

8. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

9. At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

10. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

11. At all times hereto, Plaintiffs were "engaged in commerce" and subject to individual coverage of the FLSA.

12. At all times hereto, Plaintiffs were engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

13. The additional persons who may become plaintiffs in this action are hourly

paid restaurant employees of Defendant, and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

14. At all times material hereto, the work performed by the Plaintiffs was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

15. Defendant hired Plaintiffs to work as hourly paid restaurant employees.

16. At various material times hereto, Plaintiffs worked for Defendant in excess of forty (40) hours within a work week.

17. Defendant failed to compensate Plaintiffs at rate of one and one-half times Plaintiffs' regular rate for all hours worked in excess of forty (40) hours in a single work week. Plaintiffs should be compensated at the rate of one and one-half times Plaintiffs' regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA

18. Defendant has violated Title 29 U.S.C. §207, in that:

   a. Plaintiffs have worked in excess of forty (40) hours per week for the period of employment with Defendant;

   b. No payments, and provisions for payment, have been made by Defendant to properly compensate Plaintiffs at the statutory rate of one and one-half times Plaintiffs' regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

   c. Defendant has failed to maintain proper time records as mandated by the FLSA.

19. Plaintiffs have retained the law firm of MORGAN & MORGAN, P.A. to

represent Plaintiffs in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

20. Plaintiffs reallege and reaver paragraphs 1 through 20 of the Complaint as if fully set forth herein.

21. During their employment, Plaintiffs worked in excess of the forty (40) hours per week for which Plaintiffs were not compensated at the statutory rate of one and one-half times Plaintiffs' regular rate of pay.

22. Plaintiffs were, and are entitled to be paid at the statutory rate of one and one-half times Plaintiffs' regular rate of pay for those hours worked in excess of forty (40) hours.

23. At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

24. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiffs at the statutory rate of one and one-half times Plaintiffs' regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

25. Defendant has failed to properly disclose or apprise Plaintiffs of Plaintiffs' rights under the FLSA.

26. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiffs suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

27. Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

28. At all times material hereto, Defendant failed to comply with Title 29 and

United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiffs by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees for fewer hours than they actually worked.

29. Based upon information and belief, the employees and former employees of Defendant similarly situated to Plaintiffs were not paid for all hours worked, and to the extent such hours, if properly credited to Plaintiffs, would have credited Plaintiffs with more than forty (40) or more hours in a work week, Defendant has failed to properly pay Plaintiff, and those similarly situated to him, proper overtime wages at time and a half their regular rate of pay for such hours.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against Defendant:

    a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Awarding Plaintiffs overtime compensation in the amount due to them for Plaintiffs' time worked in excess of forty (40) hours per work week;

    c. Awarding Plaintiffs liquidated damages in an amount equal to the overtime award;

    d. Awarding Plaintiffs reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e. Awarding Plaintiffs pre-judgment interest; and

    f. Ordering any other further relief the Court deems just and proper.

## COUNT II
### RETALIATION (as to Plaintiff WEERAMAN only)

30. Plaintiff re-incorporates and re-adopts all allegations contained within Paragraphs 1-29 above.

31. On or about February 27, 2009, Defendant fired Plaintiff due to his repeated requests regarding overtime pay and his participation in this lawsuit. Defendant has discriminated against Plaintiff because he was inquiring about Defendant's failure to pay proper overtime wages.

32. Defendant's discharge of Plaintiff is discrimination and retaliation against Plaintiff in violation of 29 U.S.C. §215(a)(3).

33. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has been damaged.

WHEREFORE, Plaintiff demands judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the loss of wages and other benefits suffered by reason of Defendant's unlawful conduct, including interest on such back wages, together with costs and attorney's fees pursuant to the FLSA, compensatory and emotional distress damages, and such other further relief as this Court deems just and proper, including any and all injunctive relief this Court deems just and proper.

### JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as a matter of right by jury.

DATED this 21st day of October, 2009.

                Respectfully submitted,

                MORGAN & MORGAN
                6824 Griffin Road
                Davie, Fl. 33314
                Tel: 954-318-0268
                Fax: 954-333-3515
                E-mail: kamritt@forthepeople.com

                _____
                Kelly Amritt
                FL Bar No.: 0648779
                Trial Counsel for Plaintiff

# CIVIL COVER SHEET

JS 44 (Rev. 2/08)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

148371

09-23287

## I. (a) PLAINTIFFS
Gerald Nealy and Dalton Necraman, on their own behalves and others similarly situated

## DEFENDANTS
Philippe Miami, L.L.C., a Florida Limited Liability Corporation

**(b)** County of Residence of First Listed Plaintiff: Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Miami Dade
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Morgan & Morgan
6824 Griffin Road
Davie Florida 33314
Tel: (954) 318-0268

Attorneys (If Known)

CIV-MORENO / TORRES

FILED by ___
OCT 29 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. - MIAMI

**(d)** Check County Where Action Arose: ☒ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

a) Re-filed Case ☒ YES ☐ NO    b) Related Cases ☐ YES ☐ NO

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
JUDGE: Paul C. Huck    DOCKET NUMBER: 1:09-CV-20420

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity): 29 U.S.C § 216(b)
ACTION FOR unpaid overtime wages

LENGTH OF TRIAL via 3 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ unknown at this time

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD    DATE
[signature]    10/29/09

FOR OFFICE USE ONLY
AMOUNT 350.00    RECEIPT # 1011045    IFP ___